HALL *v.* STATE OF INDIANA.

[No. 1069S251. Filed February 1, 1971. No petition for rehearing filed.]

*Paul B. McNellis, Kenneth M. Waterman,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *David S. Wedding,* Deputy Attorney General, for appellee.

Givan, J.—Appellant was charged by affidavit with the crime of first degree burglary. Trial by jury resulted in a conviction and a sentence of not less than ten nor more than twenty years in the Indiana State Reformatory.

The record in this case discloses the following:

Sometime between October 4, 1968, and October 6, 1968, while the occupants were away for the weekend, a residence was burglarized in Ft. Wayne, Indiana, and a number of personal items identified in evidence were taken from the residence.

On October 21, 1968, the Ft. Wayne police were notified by the Vincennes, Indiana, police that one Hugh McLemore had been stopped by one of their officers for a traffic violation. A passenger in McLemore's car started firing at the police officer. Upon arrest of the subjects the car was searched and two weapons and a can of chemical Mace, which had been taken in the Ft. Wayne burglary, were recovered. The arrested subjects gave their address as 2417 Allegheny Avenue, Ft. Wayne, Indiana. Ft. Wayne police learned that this address was also the home of the appellant, Dode Merl Hall. They immediately placed the residents at 2417 Allegheny in Ft. Wayne under surveillance. A search warrant was obtained. The appellant, his wife and children and another suspect named Snow were apprehended shortly after leaving the house, shown the search warrant and returned to the house where a systematic search was conducted. During the search several additional articles were recovered which had been taken in the earlier burglary. At the time of the arrest appellant was fully apprized of his constitutional rights. Police officers testified that they also advised the appellant that his wife was a prime suspect in the burglary for which the appellant had been arrested and other burglaries in which he was also a suspect. However, the wife, after being ques-

tioned, was permitted to remain at large with her children, but did return to the jail on several different occasions to talk with her husband.

The introduction into evidence of appellant's confession requires a reversal of this case for reasons which will be stated subsequently in this opinion. However, because a retrial in this case is probable, we will proceed to deal with other questions which are raised in this appeal and will re-occur upon retrial.

Appellant first claims the trial court erred in admitting into evidence State's Exhibit C, which was a file marked copy of an affidavit for a search warrant issued by the Allen Circuit Court. It is appellant's claim that the affidavit for search warrant did not give rise to a "probable cause belief" that the specific property described would be found in the place to be searched. The affidavit stated that the Vincennes officers had, pursuant to a valid arrest, recovered goods taken in the Ft. Wayne burglary and had obtained the address of the place to be searched from the subjects arrested, who stated that that address was their home. This affidavit was clearly sufficient to establish probable cause for the issuance of a search warrant. We therefore hold that the trial court did not err in refusing to suppress the evidence seized pursuant to the warrant.

Appellant next claims error in that the trial court admitted State's Exhibits A and B into evidence. Exhibit A was a small bank which was identified as having been taken in the Ft. Wayne burglary. State's Exhibit B was a jewelry case containing tie clips and other jewelry which was also identified as having been taken in the Ft. Wayne burglary. Appellant claims the admission of these items in evidence was error for the reason that they were recovered pursuant to the search of the home of the appellant located at 2417 Allegheny in Ft. Wayne. As we have above pointed out, this search was conducted pursuant to a warrant properly issued after a

showing of probable cause. The items were, therefore, properly admitted into evidence.

Appellant further claims that these items were not admissible because they were not specifically named in the search warrant. The search warrant named certain specific items which were allegedly taken in the burglary of a house located at 4332 Spatz Avenue in Ft. Wayne, some of which items were recovered from the house described in the search warrant. The mere fact that other items which were not named in the affidavit for the search warrant were also taken in the same burglary and were found in the house pursuant to the search warrant does not render them inadmissible in the prosecution. A Federal District Court for the Northern District of Indiana in a recent decision stated:

". . . Instead of preferring search warrants, a rule limiting seizure under them to the items enumerated in the description would relegate them to a secondary status, if not an anachronism in the law. What law enforcement officer would resort to a warrant where there was the possibility of making the search incident to a valid arrest? One who did would be justly chastised by his superiors and the public for incompetence. While it might be possible to describe some of the things sought with sufficient particularity to satisfy a conscientious magistrate, it will never be possible to forecast with any exactitude the items which such a search might reveal. The only reasonable rule, the one which this Court adopts, is that officers conducting a lawful search pursuant to a search warrant may seize any fruits, instruments or evidence of crime which they might uncover. A warrant must still specifically describe the place to be searched and the things to be seized, and the search must be directed toward the things so described, but if in the course of that search they discover items not named in the warrant which might have been seized in a search incident to an arrest, they may also be seized in a search pursuant to a search warrant.

"Any other rule would defy logic and the policy of encouraging the use of warrants as enunciated by the Supreme Court. It would only further undermine the confidence of the public and law enforcement officers in the reason, if not the sanity, of the judiciary.

". . . To require officers lawfully searching the premises to obtain another warrant for items already discovered would be to emphasize form over reality. No purpose would be served by such a procedure, other than to encumber already burdened law enforcement." *United States* v. *Robinson* (N. D. Ind. 1968), 287 F. Supp. 245, 254, 255.

Where, as here, officers conduct a search pursuant to a valid search warrant in search for specifically named fruits of a crime, we hold that all fruits of that specific crime found in the search whether named in the search warrant or not are admissible in evidence.

We come now to the question of admissibility of the written confession of the appellant. Appellant claims he was intimidated into signing the confession in that police officers stated that his wife was a prime suspect in the burglaries along with the appellant, and there was a clear implication if he did not confess, she would be charged, which would necessitate the placing of appellant's small children in the custody of others. We do not doubt that the police officers were fully justified in believing that appellant's wife was in fact a prime suspect in the burglaries nor is there any doubt had she been charged appellant's children would by necessity have been cared for by persons other than appellant's wife. There is nothing in this record to indicate the confession made by the appellant was untrue. However, the truth of the situation is not the governing criteria in making the determination as to whether or not the appellant's confession was given freely and voluntarily after being fully apprized of all the facts and circumstances.

The situation in the case at bar very closely parallels a recent decision by the United States Supreme Court. In the case of *Rogers* v. *Richmond* (1961), 365 U. S. 534, 5 L. Ed. 2d 760, 81 S. Ct. 735, the appellant had been charged with having committed a fatal shooting during a robbery. After

prolonged questioning of the appellant, the police officers told him that he would be "less than a man" if he failed to confess and thereby caused the officers to take his wife into custody for questioning. After observing these facts Justice Frankfurter, beginning at page 543 of the opinion, states:

"From a fair reading of these expressions, we cannot but conclude that the question whether Rogers' confessions were admissible into evidence was answered by reference to a legal standard which took into account the circumstance of probable truth or falsity. And this is not a permissible standard under the Due Process Clause of the Fourteenth Amendment. The attention of the trial judge should have been focused, for purposes of the Federal Constitution, on the question whether the behavior of the State's law enforcement officials was such as to overbear petitioners's will to resist and bring about confessions not freely self-determined—a question to be answered with complete disregard of whether or not petitioner in fact spoke the truth. The employment instead, by the trial judge and the Supreme Court of Errors, of a standard infected by the inclusion of references to probable reliability resulted in a constitutionally invalid conviction, pursuant to which Rogers is now detained 'in violation of the Constitution.' A defendant has the right to be tried according to the substantive and procedural due process requirements of the Fourteenth Amendment. This means that a vital confession, such as is involved in this case, may go to the jury only if it is subjected to screening in accordance with correct constitutional standards."

In the case at bar essentially the same situation existed. Even if we assume appellant's statement is in fact true and even though appellant's wife was a suspect and might well have been charged and convicted, when the threat to so charge and attempt to convict is made by police officers to "encourage" the appellant to make a full confession, we cannot say as a matter of law that that confession is given freely and voluntarily by the appellant. The cause is, therefore, reversed with instructions to grant appellant's motion for new trial.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 16.