**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lawrence Lopez GUAYDACAN, Defendant-Appellant.**

No. 72–1806.

United States Court of Appeals, Ninth Circuit.

Dec. 4, 1972.

James P. Hagerstrom (argued), San Diego, Cal., for defendant-appellant.

Donald P. Shanahan, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM:

Defendant was convicted below of the importation of heroin and marijuana from Mexico into the United States, in violation of 21 U.S.C. §§ 952, 960 and 963. His conviction followed the admission into evidence of his confession of the crimes charged, following questioning by the Customs Agent at the secondary inspection area. Contraband had, in fact, been found in the car.

Defendant and his family had been driven to Tijuana in an automobile owned and operated by one Gonzales. There was extensive consumption of beer, both on the trip and after arrival in Tijuana. The defendant, who had to be physically aided to the car, accompanied the party on the return trip. At the Port of Entry, San Ysidro, defendant attracted the attention of the Customs Inspector by his nervousness, his dark glasses (it was ten p. m.) and his clothing. Examination revealed needle marks on his arms. He was then questioned.

His Miranda rights were, it was testified, explained to him. They were explained twice, in fact, since the Agent had to pick him up from the floor to get his attention. Moreover, he (the Agent said) appeared to be under the influence of some drug, although there was also testimony that he seemed alert, and possessed of detailed recall of events. Defendant initially denied knowledge of the smuggling. Warned, however, that if he continued in his denials, the entire family would be taken to jail and charged with crime, he stated, "Okay, I did it."

---

* The Honorable Talbot Smith, Senior United States Judge for the Eastern District of Michigan, sitting by designation.

The confession thus obtained does not meet constitutional standards. Gladden v. Unsworth, 396 F.2d 373 (9th Cir. 1968). The record is devoid of other necessary proof of the offense charges.

Reversed and remanded for dismissal of the indictment.