Brooks **ROGERS**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 781S191.

Supreme Court of Indiana.

July 22, 1982.

Harriette Bailey Conn, Public Defender of Indiana, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of post-conviction relief in which appellant sought leave to withdraw his plea of guilty. He and a co-defendant entered into a plea agreement with the prosecution while facing a joint indictment for murder. Pursuant to the agreement he made a plea of guilty to murder and received a sentence of forty-five years, and she made a plea of

guilty to the lesser offense of involuntary manslaughter and received a sentence of two years.

At the hearing on the petition appellant had the burden to prove that his plea was not entered voluntarily, knowingly and freely, by a preponderance of the evidence. Ind.R.P.C. 1(5). The record made shows that the factual basis upon which the plea agreement was accepted was that appellant shot the victim in the back as the victim ran from the parking lot of a drive-in restaurant, that this was done before at least five other persons, and that his co-defendant, a woman with whom he had lived for several years, was present at the scene of the shooting, and aided and induced him to do the shooting for felt grievance. Further proof developed at the hearing on the post-conviction petition establishes that appellant was previously convicted of murder and had made an admission of guilt before a judge in a preliminary proceeding.

It was likewise established that the prosecution in negotiating a plea with appellant and his co-defendant, took the position that it would accept an agreement only if both made a plea of guilty, and that in the absence of such an agreement they would be tried together on the charge of murder and she would get thirty years. The co-defendant took the position that in that event she would kill herself. Appellant believed that she would do so, and in order to rescue her from going to trial and being subjected to the risk of conviction as an accessory, and out of concern for her welfare and to insure a just result for her, relented from his own desire for a trial and agreed to plead guilty to murder and to a sentence of forty-five years. It was then agreed by both sides that co-defendant would plead guilty to a lesser crime with no stipulation as to an exact sentence. She did enter a plea of guilty to involuntary manslaughter and was sentenced to two years in prison, and the agreement was otherwise consummated in accordance with its terms.

Appellant contends that the firm stand by the prosecution during negotiations that it would accept nothing less than a plea of guilty from both, where a joint trial for murder loomed as the alternative, overrode his will and coerced his choice to plead guilty. The main principle of law applicable here is that a plea must be permitted to be withdrawn where it is shown to be the product of unlawful coercion. *Hall v. State*, (1971) 255 Ind. 606, 266 N.E.2d 16. The question is whether, looking at all the circumstances, the choice of the individual to plead guilty was free and voluntary, and not induced by any violence, threats, promises, or other improper influences. *Nacoff v. State*, (1971) 256 Ind. 97, 267 N.E.2d 165.

Appellant relies upon *Hall v. State, supra*, in which this Court concluded that a confession of guilt by Hall to police interrogators was not voluntary, where it was produced by threats of the police that if he did not confess to the charge of burglary, his wife would be charged and arrested and his small children handed over to others for care. The governing rule of law in confession cases is the same as that in guilty plea cases of the sort at bar; however, there are significant differences in the circumstances in each type of case. The decision to confess to police is seldom the end result of a bargaining process, as is often the case with decisions to plead guilty. The decision to confess need not be reaffirmed in court whereas a decision to plead guilty as part of an agreement with the prosecution must be reaffirmed before the court. A confession given to police results in evidence of guilt, while a confession given to a judge results in a conviction. The ability of the accused to resist prosecutorial persuasion is greater in guilty plea situations than it is in confession situations. In *Hall*, the State was threatening to charge and arrest, while in the case at bar the charge and arrest of appellant's co-defendant had in fact occurred long before the onset of successful plea negotiations and had a demonstrated legitimate basis. In sum, the proper administration of the law requires cases dealing with pleas of guilty to be of primary importance in resolving this case.

Appellant's argument is that he would not have chosen to plead guilty were it not

for the fact that the State charged his friend with murder, and insisted thereafter on a joint trial. In *Brady v. United States,* (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, the United States Supreme Court held to the opinion that proof that the election to plead guilty would not have been made "but for" an actual or threatened exercise of prosecutorial discretion adverse to the interest of the accused can never alone be sufficient to show involuntariness. Sufficient evidence of involuntariness must include proof that the choice was not made to take advantage of an offer of leniency or benefit tendered by the prosecution. Here, there is no such proof, and it is evident that in consideration of appellant's agreement to plead guilty the prosecution recommended he be sentenced to forty-five years, fifteen years less than he would have been realistically exposed to upon conviction following a trial. We concur with the conclusion of the trial judge that appellant failed to satisfy his burden of proof in attempting to demonstrate that his guilty plea was involuntary.

Appellant gave his plea of guilty, and it was accepted by the judge, and appellant was convicted on July 9, 1979. Three weeks later, appellant and co-defendant appeared for sentencing. At that time a considerable discourse took place between appellant and the judge on a broad range of subjects, during which appellant at one point asked for a trial in order for the court to become acquainted with the lack of involvement of his co-defendant in the events leading up to the shooting. He also testified that the prosecution would not be able to match the bullet in the victim with his gun since the gun had not been recovered by the police and he had kept secret the place where he had disposed of it. These did not constitute fair and just reasons to permit withdrawal of the plea of guilty, or proof that withdrawal was necessary to correct a manifest injustice. Ind.Code § 35–4.1–1–6(b). Furthermore, the motion for withdrawal was not in writing as required by the statute.

The judgment denying post-conviction relief is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.