# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2019, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

## I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse L. Anthony,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 18, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1648<br><br>Appeal from the Carroll Circuit<br>Court<br><br>The Honorable Benjamin A.<br>Diener, Judge<br><br>Trial Court Cause No.<br>08C01-1802-F3-2 |

**Tavitas, Judge.**

## Case Summary

[1] Jesse Anthony appeals the trial court's denial of his motion to withdraw his guilty plea. We affirm.

## Issue

[2] Anthony raises one issue, which we restate as whether the trial court properly denied Anthony's motion to withdraw his guilty plea.

## Facts

[3] On February 15, 2018, the State charged Anthony with Count I, disarming a law enforcement officer, a Level 3 felony; Count II, resisting law enforcement, a Level 6 felony; Count III, unlawful possession of a syringe, a Level 6 felony; Count IV, possession of methamphetamine, a Level 6 felony; Count V, carrying a handgun without a license, a Class A misdemeanor; Count VI, possession of marijuana, a Class B misdemeanor; Count VII, false informing, a Class B misdemeanor; Count VIII, visiting a common nuisance – controlled substances, a Class B misdemeanor; and Count IX, possession of paraphernalia, a Class C misdemeanor. The charges were the result of a physical altercation and subsequent search during a traffic stop in which officers determined that Anthony had outstanding warrants in Howard County.

[4] On January 28, 2019, Anthony entered into a plea agreement on Count I. The agreement's terms were that the trial court would have discretion on Anthony's sentence, "but that no more than 11 years will be executed initially. If the Defendant is ordered to serve executed time in the DOC, the State agrees that

he will be recommended for purposeful incarceration if eligible." Appellant's App. Vol. II p. 68. The State agreed to dismiss the remaining counts with prejudice. At the guilty plea hearing on January 28, 2019, the same day as the scheduled jury trial, the following discussion occurred:

COURT: Mr. Anthony, I advise you that you have the right to a public and speedy trial by a jury. Do you understand this?

[ANTHONY]: Yes, Your Honor.

COURT: Do you understand that this trial by jury is scheduled to occur today's date?

[ANTHONY]: Yes, Your Honor.

COURT: January 28, 2019?

[ANTHONY]: Yes, Your Honor.

COURT: Do you understand that but for you entering a plea of guilty pursuant to this Plea Agreement, the State of Indiana would present evidence in an effort to convict you of the charged offenses, do you understand that?

[ANTHONY]: Yes, Your Honor.

* * * * *

COURT: Do you understand that by pleading guilty you give up all the rights I just explained?

[ANTHONY]: Yes, Your Honor.

* * * * *

COURT: Do you understand that by pleading guilty you are admitting that you committed the crime that you are charged with?

[ANTHONY]: Yes, Your Honor.

COURT: Do you understand that by pleading guilty you'd be judged guilty and sentenced without any trial?

[ANTHONY]: Yes, Your Honor.

* * * * *

COURT: Mr. Anthony, have you or anyone else received any promises besides the Plea Agreement you have filed, or have you been given anything of value to entice you to enter the plea of guilty you are offering today?

[ANTHONY]: No, Your Honor.

COURT: Has anyone forced or threatened, or put you or anyone else in fear to coerce you to enter the plea of guilty you are offering today?

[ANTHONY]: No, Your Honor.

COURT: Do you feel the plea of guilty you are offering now is your own free choice and decision?

[ANTHONY]: Yes, Your Honor.

Tr. Vol. II pp. 7-8, 10, 12-13. A factual basis was laid in which Anthony admitted to the offense. The trial court accepted the plea agreement and set the matter for sentencing.

[5] On March 25, 2019, Anthony filed a motion to withdraw his guilty plea. The trial court held a hearing on Anthony's motion on April 4, 2019. Anthony testified that he: (1) has maintained his innocence prior to and after pleading guilty; (2) wished to have the matter tried by a jury of his peers; (3) did not believe the State would be prejudiced by allowing Anthony to withdraw his plea; and (4) believed that it would be a manifest injustice if the trial court sentenced Anthony without allowing him to withdraw his plea.

[6] Anthony also testified that he lied under oath at the guilty plea hearing regarding the factual basis and that he felt coerced into pleading guilty. Specifically, Anthony testified:

> [T]hey talked about once I went to trial and [was] found guilty I would be facing more years and it kind of scared the crap out of me. So I don't know, I guess I kind of felt pressured, scared, I didn't want to go to prison for longer, but I guess I'm ready to do what I have to do now because I'm not guilty of this so I feel like I shouldn't have to go to prison for any amount of time for trying to disarm a police officer because I didn't do it.

*Id.* at 35. Anthony did not inform his attorney he wanted to withdraw his plea until the day of sentencing. After the hearing, the trial court took the matter under advisement.

On June 17, 2019, the trial court entered a written order denying Anthony's motion to withdraw his guilty plea. Anthony now appeals.[1]

## Analysis

Anthony argues that the trial court erred by denying his motion to withdraw his guilty plea. "A trial court's ruling on a motion to withdraw a guilty plea 'arrives in this Court with a presumption in favor of the ruling.'" *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (quoting *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995)). We will reverse the trial court's decision only for an abuse of discretion. *Id.* "In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered 'freely and knowingly.'" *Id.* (quoting *Coomer*, 652 N.E.2d at 62).

---

[1] We note that neither party raises the issue that Anthony filed this direct appeal prior to his sentencing. Anthony filed his notice of appeal on July 16, 2019. At that time, Anthony had not yet been sentenced. In reviewing the chronological case summary ("CCS"), Anthony was sentenced on August 14, 2019, and Anthony's Appellant's brief was filed on August 22, 2019. Anthony does not appeal his sentence on this direct appeal. As neither party raises this issue, we will address Anthony's argument on the merits. *See Mills v. State,* 868 N.E.2d 446, 452 (Ind. 2007) (holding that "Indiana Code § 35-35-1-4 permits an individual to move to withdraw a guilty plea before sentence. If a motion to withdraw a guilty plea is denied and the individual wishes to contest the trial court's decision, a direct appeal is the proper appellate procedure").

[9] The withdrawal of a guilty plea before the imposition of a sentence is governed by Indiana Code Section 35-35-1-4(b), which provides:

> After entry of a plea of guilty . . . but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty . . . for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty . . . made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

[10] Consequently, the trial court "shall" allow a defendant to withdraw his guilty plea if the defendant proves it is "necessary to correct a manifest injustice." Ind. Code § 35-35-1-4(b); *Brightman*, 758 N.E.2d at 44. In all other cases, the trial court "may allow" the withdrawal of the guilty plea for "any fair or just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." *Id.* The defendant "has the burden of establishing his grounds for relief by a preponderance of the evidence." I.C. § 35-35-1-4(e). *See Rogers v. State,* 437 N.E.2d 957, 959 (Ind. 1982) (holding that the Supreme Court of the United States, in *Brady v. United States,* 397 U.S. 742, 90 S. Ct. 1463 (1970), held that proof the guilty plea would not have occurred "but for" the prosecutor's discretion "adverse to the interest of the accused" is insufficient to show involuntariness and "[s]ufficient evidence of involuntariness must include

proof that the choice was not made to take advantage of an offer of leniency or benefit tendered by the prosecution").

[11] Anthony argues that the State would not have been prejudiced by the withdrawal of the plea and that "he pled guilty in fear of the consequences which might occur if he did not plead guilty." Appellant's Br. pp. 10-11. These circumstances, according to Anthony, constitute a manifest injustice that warrants the withdrawal of his guilty plea. At the guilty plea hearing, however, Anthony acknowledged to the trial court that he was not being forced to plead guilty, acknowledged it was his choice to plead guilty, and admitted to the factual basis for the offense.

[12] Anthony has failed to prove by a preponderance of the evidence that a manifest injustice has occurred that must be corrected by allowing him to withdraw his plea of guilty. In the absence of a manifest injustice, it was within the trial court's discretion to grant or deny the motion. The trial court found: (1) "Defendant essentially contends that he lied under oath at the guilty plea hearing"; (2) "Defendant's self-serving statements after the guilty plea hearing were incredible and constitute an attempt to manipulate the system"; (3) "[o]nly after receiving and reviewing the [pre-sentence investigation report ("PSI")] in this case did Defendant have a change of heart and desire to recant his sworn testimony . . ."; and (4) "Defendant admitted to committing the offense in the PSI as well and only recanted after the Probation Officer recommended a fully executed sentence without work release or home detention privileges." Appellant's App. Vol. II pp. 100-101.

[13] The mere fact the State conceded it would not have been prejudiced by Anthony's decision to change his plea does not require the trial court to accept Anthony's change of plea. Pursuant to the statute, the trial court is only required to do so to correct a manifest injustice. *See* Ind. Code § 35-35-1-4(b). Under these circumstances, Anthony has failed to show the trial court abused its discretion when it denied Anthony's request to withdraw his plea of guilty. *See e.g., Gross v. State,* 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (holding that the trial court did not abuse its discretion by denying the defendant's motion to withdraw his guilty plea), *trans. denied.*

## Conclusion

[14] The trial court did not abuse its discretion by denying Anthony's motion to withdraw his guilty plea. We affirm.

[15] Affirmed.

Brown, J., and Altice, J., concur.