William E. WARD, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–1179A312.

Court of Appeals of Indiana, Third District.

July 24, 1980.

Frank J. Galvin, Jr., Hammond, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant William E. Ward appeals from his conviction of burglary.

On March 6, 1978, Ward and Cheryl Scott were arrested for shoplifting in Matteson, Illinois. Ward asked if he could post his own bond and what the bond would be. One of the officers replied that bond would be around $100 and that Ward could post bond at the police department. Ward did not have enough money in his wallet but had money in the car's glove compartment. He asked the officer if they could get in the glove compartment and get the money out. The officers complied with Ward's request. While removing the money the officer observed a loaded ammunition clip in the glove compartment. On the floor, protruding from underneath the passenger seat, the officers observed the butt of a semi-automatic pistol. The clip and the pistol were later identified as items taken in a burglary in Griffith, Indiana. Ward contends that the initial entry into his automobile and glove compartment was an unreasonable search and seizure because the officer failed to advise him of his constitutional rights prior to securing his consent. He argues that a person who is asked to give permission for a search while in police custody is entitled to be informed of his *Miranda* rights prior to giving consent to the search. *See Larkin v. State* (1979), Ind., 393 N.E.2d 180; *Pirtle v. State* (1975), 263 Ind. 16, 323 N.E.2d 634. Ward's argument ignores the factual situation in which his consent was given.

■ Ward *asked* the officers to enter the glove compartment. This request was not prompted by any police questioning nor did the officers ask for permission to search the glove compartment. Under these circumstances, the officers were not required to advise Ward of his constitutional rights. Nor is there any doubt that Ward's permission to enter the glove compartment was freely and voluntarily given. The trial court did not err in denying Ward's motion to suppress the items seized.

■ Secondly, Ward alleges that his confession was erroneously admitted into evidence because it was not voluntarily given. In reviewing a trial court's determination of the voluntariness of a confession, this court looks to the totality of the circumstances. In doing so, we do not weigh the evidence or rejudge the credibility of the witnesses. We consider the evidence which supports the trier of fact where the evidence is in conflict, along with any uncontested evidence. *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188; *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811; *Villanueva v. State* (1978), Ind.App., 383 N.E.2d 437.

■ Although the state is required to prove voluntariness beyond a reasonable doubt, we review the question on appeal as we do other sufficiency matters: to determine whether there was substantial probative evidence to support the trial court's finding. *Murphy v. State* (1977), 267 Ind. 184, 369 N.E.2d 411; *Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144.

After the discovery of the ammunition clip and the pistol, the *Miranda* rights were read to Ward. At the police station the Matteson police officer again advised Ward of his rights. Later that same day, Ronald Creviston, an officer of the Griffith, Indiana police department and an officer of the Drug Enforcement Administration (DEA) met with Ward in a conference room at the Matteson Police Department.

Creviston read the *Miranda* rights to Ward from a form. The form was read by Ward and then signed. Creviston and Ward discussed the burglary. Creviston then left the room to get additional information concerning the burglary because the facts did not seem to be as he thought they would be. During his absence Ward spoke with the DEA officer. When Creviston returned, 10 to 15 minutes later, he related information concerning the location of some of the items taken in the burglary. Ward testified that Creviston told him that Scott had implicated him in the burglary. Ward made a statement which was tape recorded and subsequently transcribed. Ward signed the transcribed statement the following day.

■ Ward first argues that his confession was the product of compulsion because he had initially told Creviston that he did not want to make a statement and Creviston resumed questioning after a brief interval. Creviston, however, testified that Ward did not say that he did not wish to make a statement. Since there is simply a direct conflict in the evidence on this issue, appellate review requires us to conclude that Ward did not invoke his right to remain silent. Therefore, the officer's resumption of questioning was not improper.

Ward also contends that a statement made by the DEA officer to the effect that if Ward could give information about drugs the DEA officer "would help him in every way he could," constituted an impermissible inducement rendering the confession inadmissible.

■ A confession obtained by promises of immunity or mitigation of punishment is inadmissible. *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. However, vague and indefinite statements by the police such as "seeing what they could do for him" or "it would be in his best interest to tell the real story" are not sufficient inducements to preclude use of a confession obtained thereby. *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188; *Perry v. State* (1978), Ind.App., 374 N.E.2d 558. The promise to "help in every way he could" is also too vague and indefinite to constitute the type of an inducement that renders a confession involuntary.

Thirdly, Ward complains that his confession was given as a result of the interrogating officer's statement that his accomplice, Scott, had made a statement which incriminated him. He contends that this statement induced him to give a confession that was not freely self determined.

■ Confrontation with incriminating evidence does not amount to coercion or render the confession thereby obtained inadmissible. *Johnson v. Hall* (1st Cir. 1979), 605 F.2d 577. Furthermore, a confession that has been obtained from an accused by telling him an accomplice has made statements implicating him is admissible. *Stein v. New York* (1953), 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522; *State v. Stubenrauch* (Mo.App.1973), 503 S.W.2d 136; *Roe v. People of State of N. Y.* (W.D.N.Y.1973), 363 F.Supp. 788; *Brown v. Cox* (E.D.Va.1970), 311 F.Supp. 81. As was pointed out in *Stein, supra,* at 186, 73 S.Ct. at 1093:

> "Cooper's and Stein's confessions obviously came when they were convinced that their dance was over and the time had come to pay the fiddler. . . . That confession [Cooper's] came at a time when he must have known that the police already knew enough, from Jeppeson and Brassett, to make his implication inevitable. Stein held out until after Cooper had confessed and implicated him. Both confessions were 'voluntary,' in the only sense in which confessions to the police by one under arrest and suspicion ever are."

■ Furthermore, even where the officer *falsely* tells the defendant that his accomplice has incriminated him, the deceptive statement is insufficient to render the confession inadmissible. *Frazier v. Cupp* (1969), 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684; *U. S. v. Moreno-Flores* (9th Cir. 1972), 461 F.2d 1001; *U. S. ex rel. Hall v. Director, Dept. of Correction of State of Ill.* (7th Cir. 1978), 578 F.2d 194; *Estep v. State* (1979), Ind., 394 N.E.2d 111.

Thus we conclude that the trial court did not err in finding that the officer's statement was not an impermissible inducement.

Finally Ward argues that his intoxication rendered the confession involuntary. The record reveals that although a slight odor of alcohol was noticed on Ward's breath, his speech was not slurred and his walk was stable. In the opinion of three experienced police officers, Ward was not intoxicated.

After reviewing the totality of the circumstances, we conclude that there was substantial probative evidence to support the trial court's finding that Ward's confession was voluntary. The trial court did not err in denying the motion to suppress the confession.

Affirmed.

STATON and HOFFMAN, JJ., concur.