Harry E. FERGUSON, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 581S136.

Supreme Court of Indiana.

Aug. 10, 1982.

Perry H. Harrold, Wilson, Coleman & Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted after trial by jury of Robbery, Ind.Code § 35–42–5–1 (Burns 1979), and of being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns 1979), and sentenced to thirty-five (35) years imprisonment. This direct appeal raises the following issues:

(1) Whether the trial court erred in denying Defendant's motion to dismiss the habitual offender charge.

(2) Whether the trial court erred in denying Defendant's motion for a continuance.

(3) Whether the trial court erred in denying Defendant's motion for mistrial arising from prosecutorial misconduct.

(4) Whether the trial court properly sentenced Defendant.

(5) Whether the trial court erred in allowing a retrial of the habitual offender charge.

(6) Whether the evidence is sufficient to support the Robbery conviction.

\*　　\*　　\*　　\*　　\*　　\*

### ISSUE I

Defendant contends that the trial court should have dismissed the habitual offender count for two reasons.

He argues first that there should have been a probable cause determination of habitual offender status pursuant to Ind.Code § 35–3.1–1–1(d) (Burns 1979).

"Whenever an indictment or information is filed and the defendant has not been arrested or otherwise brought within the custody of the court, the court shall issue a bench warrant for the arrest of the defendant. Whenever an information is filed and the defendant has not been arrested or otherwise brought within the custody of the court, the court shall issue a bench warrant for the arrest of the defendant after first determining that probable cause exists for such arrest. Whenever an information is filed and the defendant has already been arrested or otherwise brought within the custody of the court, the court shall proceed to determine whether probable cause existed for the arrest of the defendant unless the issue of probable cause has previously been determined by a court issuing a warrant for the defendant's arrest or by a court holding a preliminary hearing after the defendant's arrest."

■ The State may not attempt to file a one count information charging only habitual offender status. The status is not a separate offense and relates only to the length of sentence to be imposed upon an underlying charge or charges, which provide the basis for the issuance of an arrest warrant upon probable cause. The language of Ind.Code § 35–3.1–1–1(d) cannot be construed as requiring a probable cause determination upon the length of any potential sentence, which is what Defendant in effect asks us to hold.

■ Defendant next argues that the habitual offender statute violates the Equal Protection Clause of the Fourteenth Amendment and Article I, Section 23 of the Indiana Constitution because there are no standards or classifications utilized by the Marion County Prosecutor to determine who ought to be sentenced as an habitual offender. We rejected a similar argument in *Havens v. State*, (1981) Ind., 429 N.E.2d 618, 621–22.

## ISSUE II

■ Defendant next contends that the trial court should have granted his motion for a continuance on the day of trial because he appeared before prospective jurors in identifiable jail garb. The record shows that the continuance was desired by Defendant; not his counsel, who is also counsel on appeal, because Defendant thought he was going to plead guilty in exchange for the State's dismissing the habitual offender charge. The record also shows considerable discussion about what clothes were available for Defendant to wear and that he was not tried in jail garb.

In his Brief Defendant affirmatively waives the issue; however, his Reply Brief contains the following:

"However, after filing the original brief herein, Defendant informed counsel that he was brought to the courtroom lock-up directly through the courtroom which contained many prospective jurors and this was done prior to the time he was examined before the bench.

"Here Appellant will re-examine the Record of the Proceedings and if said Record supports Appellant's contention that the prospective jurors did have adequate opportunity to see him in jail garb, counsel herein will seek to amend the Record and Appellant's brief for argument on the issue herein, if the facts raise sufficient issue for review."

The record discloses that no formal motion for a continuance was actually made. Nevertheless, even if we construe the record as containing the motion, the trial court did not rule upon it and Defendant did not request a ruling. Therefore the record presents nothing for review. *Minton v. State,* (1978) 269 Ind. 39, 42, 378 N.E.2d 639, 641.

## ISSUE III

■ Defendant next contends that the trial court erred in not granting his motion for mistrial allegedly made in response to the Prosecutor's improper final argument. His brief contains the following:

"Here because the Record of the Proceedings is incomplete, in that it does not include final arguments, Appellant will petition the Court herein to permit him to amend and or correct the Record to include such portion. Said petition will be filed with the Brief herein and thereafter Appellant will amend his Brief to include an argument as to the foregoing issue of an improper statement by the deputy prosecutor, which statement is in his final argument."

If the final arguments were recorded or in some way preserved, this Court could obtain them pursuant to Ind.R.App.P. 7.2(B); however, there has been no showing that a proper record is obtainable. Neither do Defendant's Briefs tell us what the prosecutor's objectionable comments were or contain any argument or citation to authority upon this issue. Thus, there is nothing before the Court to review upon this issue. *Grimes v. State,* (1980) Ind., 412 N.E.2d 75, 76.

## ISSUE IV

■ Defendant contends that the trial court erred in not sentencing him within thirty (30) days pursuant to Ind.Code § 35-4.1-4-2 (35-50-1A-2) (Burns 1979)). See Ind.R.Crim.P. 11.

Defendant was found guilty of Robbery on September 21, 1979. The habitual offender count was tried the same day and ended in a hung jury. The trial court set sentencing for October 12, 1979. On October 12, 1979, Defendant requested a continuance because of the illness of his counsel's wife. On November 27, 1979, Defendant was sentenced to eight (8) years imprisonment upon the Robbery charge and the habitual offender charge was dismissed. The trial court also denied the State's Motion for New Trial Setting on the habitual offender count which had been filed October 8, 1979. On November 29, 1979, for reasons not disclosed by the record, the trial court set a rehearing on sentencing for December 4, 1979, at which time the trial court certified its dismissal of the habitual offender count for an interlocutory appeal.

At no time did the trial court vacate the sentence or order it stayed. On February 28, 1980, the Court of Appeals granted the State's Application For Stay Of Sentencing until it determined the appeal. The appeal was eventually determined by this Court pursuant to Ind.R.App.P. 4(A)(10) on September 23, 1980. *State v. Ferguson,* (1980) Ind., 409 N.E.2d 612. Thereafter the habitual offender count was retried and on December 19, 1980, Defendant was sentenced to thirty-five (35) years imprisonment.

Any delay beyond thirty (30) days up to the sentencing on November 27, 1979, occurred because of Defendant's motion for a continuance. Thereafter, contrary to Defendant's contention, the trial court did not indefinitely delay the sentencing. Rather, the State caused the delay by appealing the dismissal of the habitual offender charge, which it had a right to do. At all times until disposition of the appeal by this Court, Defendant was under a sentence of eight (8) years imprisonment. Our order in the case required the trial court to retry the habitual offender charge and thereby provided the possibility that Defendant's sentence would have to be increased by thirty (30) years. Defendant's contention has no merit.

### ISSUE V

Defendant next contends that there should not have been a retrial of the habitual offender charge after the first jury could not reach a verdict. This matter was disposed of against Defendant in *State v. Ferguson, supra.*

### ISSUE VI

Lastly Defendant challenges the sufficiency of the evidence to sustain the Robbery conviction. Defendant acknowledges our standard of review for sufficiency claims, *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 88, 101 S.Ct. 231, 66 L.Ed.2d 105, but argues that his in-court identification was "highly suspect" because made by one who had pursued him following the robbery but had lost him during the pursuit. He also notes that he was apprehended in another section of Indianapolis, "far away from the location of the crime."

The evidence most favorable to the State reveals that on July 11, 1979, Defendant handed a note to a teller at a branch bank after requesting and receiving some penny wrappers. The note, written on a savings deposit slip, stated that he had a gun. The teller put all the money in her cash drawer, close to three thousand dollars, including "bait money", bills whose serial numbers had been recorded, into a bag, and Defendant left. A man sitting in his automobile in the bank parking lot thought Defendant looked suspicious so he exited his automobile. The bank teller asked the man to follow Defendant, and he did so for three blocks until Defendant brandished a gun, threatened the man, and escaped. At trial both the teller and the man who had pursued him identified Defendant.

When Defendant was apprehended later that day, he had a bag containing two thousand six hundred dollars, some of which bore the serial numbers of the bait money, penny wrappers, and the Robbery note. The evidence is sufficient to support the conviction.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.