**Harry E. FERGUSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 384S112.**

Supreme Court of Indiana.

March 3, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of a petition for post-conviction relief. P.C. 1, § 7.

The procedural history of this case is as follows. On September 20, 1979, a jury

found petitioner guilty of robbery, a class C felony, I.C. § 35–42–5–1. On September 21, 1979, the habitual offender proceeding resulted in a hung jury. The trial court denied the state's motion for a new trial setting, and it dismissed the habitual offender charge. The trial court certified its orders of denial of motion for new trial setting and of dismissal pursuant to Ind.R. Ap.P. 4(B)(5), and it suspended enforcement of the orders pending appeal. Subsequently, the state initiated an interlocutory appeal to the Court of Appeals which stayed the sentencing of petitioner until his case could be decided. Pursuant to Ind.R. Ap.P. 4(A)(10), the Court of Appeals transfered the case to the Supreme Court. The Supreme Court consolidated the case with two other similar cases, and, in *State v. Ferguson* (1980), 274 Ind. 167, 409 N.E.2d 612, reversed the trial court's rulings and remanded the cause for a new habitual offender proceeding. On remand, on December 4, 1980, a jury determined him to be a habitual offender. On December 19, 1980, the trial court sentenced him to five years for robbery which was enhanced by thirty years due to the habitual offender determination. The Supreme Court affirmed this conviction and sentence on direct appeal. *Ferguson v. State* (1982), Ind., 438 N.E.2d 286. On October 29, 1982, he filed a verified pro se petition for post-conviction relief. The post-conviction court held hearings on the petition on June 20, 1983, and October 20, 1983. Also on October 20, 1983, the post-conviction court denied the petition for post-conviction relief.

Appellant raises one issue on appeal: whether he was denied his right to effective assistance of counsel.

In the post-conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State* (1975), 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State* (1980) [274], Ind. [643], 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative

judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State* (1978), 267 Ind. 649, 651, 372 N.E.2d 739, 740.

*Popplewell v. State* (1981), Ind., 428 N.E.2d. 15.

## I

Appellant argues that he was denied effective assistance of counsel. He contends that trial counsel failed to investigate promptly information brought to his attention concerning alleged impermissible coercion of a juror, by other jurors, during deliberations upon the habitual offender charge. In addition, he contends that trial counsel failed to safeguard his right to stand trial in civilian clothing.

These guidelines are to be followed when reviewing ineffective assistance claims.

"The proper standard for attorney performance is that of reasonably effective assistance. * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * * * the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. * * * A * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064, 2065, 80 L.Ed.2d 674.

*Price v. State* (1985), Ind., 482 N.E.2d 719; *Calhoun v. State* (1985), Ind., 484 N.E.2d 7.

These are the facts from the record which pertain to appellant's first contention. Almost immediately after the second trial on the second habitual offender charge, appellant communicated to his trial counsel that the father of one of the jurors

told him that she had been pressured to come up with a verdict. Trial counsel did not contact the juror because he did not believe that it was proper. He advised appellant to contact the juror's father to see if he could persuade his daughter to make the trial court aware of what happened during jury deliberations. Later, the juror's father contacted appellant's trial counsel, and he told him that he did not know if she could verify all that had happened during deliberations. The father told trial counsel that he would have her contact him or the prosecutor's office. Thereafter, trial counsel received no further communication from the father or the juror. The juror did not testify at the post-conviction hearing because she could not be located.

■ On these facts presented at the hearing on the post-conviction petition, trial counsel's responses to receipt of these two communications were not deficient. There are several elements which so diminish the urgency and import of the communications as to support the reasonableness of counsel's limited response. First, that juror sat in determination of prior convictions and not guilt. In determining habitual offender status, critical evaluations by the trier of fact going to moral and state of mind issues are not present. Second, neither of the informers had first hand knowledge of the relevant events. Third, the information itself did not reveal the nature or extent of the coercion claimed to have occurred. Fourth, the information concerned the interchange between jurors in the deliberative process and was therefore of doubtful legal utility, in that the legal bar to the impeachment of a verdict by a juror who participated in its return is greatest where the interchange between jurors is the source of the problem, and not a communication from some nonjuror. 28 I.L.E. 327, Trial § 329; see also *Stauffer v. Lothamer* (1981), Ind.App., 419 N.E.2d. 203, 217. From this viewpoint counsel's responses were not deficient.

These are the facts from the record which pertain to appellant's second conten-

tion. According to appellant's testimony at the post-conviction hearing, he had, prior to trial on the robbery charge, been seen in jail clothing by prospective jurors as he was being escorted through the court room with several other defendants to the court room lock-up. He was so attired because he mistakenly thought that he was going to plead guilty in exchange for the dismissal of the habitual offender charge. Just before the jury selection process was started, appellant's counsel asked the trial court to permit appellant to change clothes. This was granted and the change took place.

■ On these facts, we do not believe trial counsel's actions were deficient. Trial counsel did not know of appellant's alleged exposure in jail clothes to prospective jurors, and the circumstances were such that trial counsel would not have known unless appellant had told him. Apparently, appellant informed trial counsel of the incident after trial counsel filed the appellate brief on direct appeal. Therefore, it was impossible for trial counsel to request remedial action of the trial court or to preserve the issue for appeal. Nevertheless, the circumstances do not indicate that the alleged exposure in jail clothes to prospective jurors prejudiced appellant's right to a fair trial. Appellant testified that he was escorted through the court room with several other defendants. This significantly diminishes the possibility that the prospective jurors' attention specifically focused on him. Furthermore, there has been no showing that the prospective jurors who allegedly saw him were on the jury that tried him.

Appellant's counsel was not ineffective.

Denial of post-conviction relief is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.