Calvin McNARY a/k/a Anthony Humphries, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8608–CR–748.

Supreme Court of Indiana.

Sept. 29, 1987.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Burglary, a Class C felony. Appellant was also found to be an habitual offender. He received a sentence of five (5) years, which was enhanced by thirty (30) years due to his habitual offender status.

The facts are: At approximately 3:15 a.m., on May 27, 1985, Paul Carson, President of Carson Manufacturing Company located at 5451 North Rural Street, in Indianapolis, received an alarm message from his place of business. He drove to the plant and obtained the assistance of Indianapolis Police Officer Dan Grisell. The two men entered the plant where Officer Grisell found appellant hiding in the varnish room. The officer found a crowbar, flashlight, screwdrivers, table knives and black leather gloves on the floor next to appellant. Carson testified that these items did not belong to the plant and he did not know who owned them.

Officer Grisell gave appellant his *Miranda* warnings and asked him who he was. Appellant gave the name of Anthony Humphries. He further stated that he had broken in to see what he could steal and sell to get money for his family.

Appellant claims the trial court erred in admitting State's Exhibits Nos. 3, 4, 5 and 8. They are photographs showing tools, a jacket, window frames and a window opening. He also claims the trial court erred in the admission of State's Exhibits Nos. 2, 9 and 10. They are photographs showing black gloves and a box containing a flashlight, batteries, table utensils, a screwdriver, a crowbar and a set of keys.

Appellant claims these objects are not relevant to the crime charged. However, as above stated, the tools and black gloves were found next to appellant when he was arrested and were not items which belonged on the premises. The photograph of the window frames was introduced into evidence to demonstrate appellant's point of entry into the business. Appellant removed a window, entered the building, re-

placed the window and then propped it into position with a book.

All of these items were clearly relevant to the issues. The close proximity of the tools and gloves to appellant at the time of his arrest, his unauthorized presence in the place of business at a time when it was locked to the public and the damaged window were all clearly relevant and connected with appellant. *Hooper v. State* (1983), Ind., 443 N.E.2d 822.

■ Appellant claims there is insufficient evidence to convict him of burglary for the reason that the State failed to prove an intent to commit a felony. In addition to the evidence of the breaking and the presence of the tools, we have the statement made by appellant to Officer Grisell that he entered the premises to find something to steal and sell in exchange for money for his family. There is clearly an abundance of evidence in this record to support the verdict of the jury. *Aikins v. State* (1983), Ind., 443 N.E.2d 820.

■ Appellant next claims the court erred in giving its Final Instruction No. 16. The instruction was that the intent to commit a felony may be inferred from the time, force and manner of entry. This is a correct statement of the law. *See Coker v. State* (1983), Ind., 455 N.E.2d 319.

■ Appellant contends the trial court erred in allowing the State to amend the information charging appellant with being an habitual offender by changing the date. The State correctly charged the instant offense and the habitual offender charge on two separate informations. On the information charging the burglary, the correct date of the 27th day of May, 1985, was given as the date of the offense. On the accompanying information charging appellant as an habitual offender, there was a typographical error showing the offense occurred on the 2nd day of May, 1985.

The State was allowed to amend the information charging habitual offender by interlineating the number 7 following the 2, thus amending the date to the 27th day of May, 1985. In view of the fact that appellant had been tried and convicted under an affidavit correctly charging the date of the offense, he could not have been prejudiced by the interlineation correcting the obvious typographical error on the habitual offender information. *See Radford v. State* (1984), Ind., 468 N.E.2d 219.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.