Norman **JOHNSON**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below).

No. 84S00–8601–CR–105.

Supreme Court of Indiana.

Oct. 5, 1987.

James W. Boswell, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On November 30, 1981, after being waived into adult court from Vigo County Juvenile Court, Norman Johnson was charged with robbery, a class C felony. He was found guilty by jury on February 25, 1982 and sentenced to 38 years imprisonment. Johnson directly appeals, challenging solely the admissibility of his written statement. The issue is whether Johnson's statement was voluntarily given in light of his assertion that he was promised his mother would be released from jail in exchange for his cooperation.

The facts are as follows. On October 31, 1981, Johnson and Sean McKay robbed the Zephyr Service Station in Terre Haute. Johnson shot Thomas Bolton, a Zephyr employee, in the abdomen as he was closing the service station. Johnson then took Bolton inside and told him to open the safe or else he would blow Bolton's head off. Bolton unlocked the floor safe and gave Johnson approximately $200 in currency and $100 in coins. Both youths then fled.

On November 2, 1981, McKay gave a statement to police admitting his partic-ipation in the robbery. He named Johnson as the gunman, gave the police two bills taken during the robbery, and told police where they could find the weapon. The next evening, Johnson was arrested. Detective Scott Seliger went to the police station to question him. Since Johnson was 14 years old, he needed to be afforded a private conversation with one of his parents before questioning. Detective Seliger had an outstanding arrest warrant for Johnson's mother. When she was escorted to the police station, Detective Seliger placed her under arrest. Detective Seliger then took Johnson and his mother to jail.

On November 4, 1981, Detective Seliger brought Johnson and his mother to police headquarters. Johnson had the opportunity to speak with his mother privately. Johnson was read his constitutional rights, signed a waiver of those rights, and gave a statement which he read and signed. In the statement, Johnson admitted being involved in the robbery and shooting Bolton.

At trial, the State has the burden to prove, beyond a reasonable doubt, that a defendant voluntarily and intelligently waived his rights, and that a defendant's confession was given voluntarily. *Partlow v. State* (1983), Ind., 453 N.E.2d 259, 268, *cert. denied*, 464 U.S. 1072, 104 S.Ct. 983, 79 L.Ed.2d 219. On review of the denial of a motion to suppress a confession and the subsequent admission of the confession into evidence, we neither weigh the evidence nor judge the credibility of the witnesses. The admissibility of a confession ultimately depends on questions of fact which are to be resolved by the trial court. *Moore v. State* (1986), Ind., 498 N.E.2d 1, 5. Further the admissibility of a confession is controlled by determining from the totality of circumstances, whether or not it was made voluntarily and not through inducement, violence, threats, or other improper influences so as to overcome the will of an accused. *Moore*, 498 N.E.2d at 5; *Partlow*, 453 N.E.2d at 268. On appeal, a trial court's finding of voluntariness of a confession will not be disturbed if supported by substantial, even though conflicting evidence. *Id.*

The record discloses two conflicting accounts of what transpired. The evidence supporting the trial court's ruling is as follows. The night Johnson and his mother were arrested, Detective Seliger took them to jail. On the way, Johnson's mother informed the officer that she had young children at home and that she had recently undergone surgery. Detective Seliger said he could not do anything that night but the next day he would make a telephone call and see what he could do about getting her released on her own recognizance. The next day, Detective Mays took the statement from Johnson concerning the Zephyr robbery. When Mays asked Johnson whether he had been threatened or promised anything to give the statement, Johnson said Detective Seliger had promised to get his mother released from jail if he cooperated. Mays then called Detective Seliger into the room. After explaining to Johnson that the matter was not within his authority, but rather the sole authority of the judge, Seliger called the juvenile center to explain her situation and to see if the mother could be released on her own recognizance. Detective Mays testified that the purpose of the telephone call was to clear up any misunderstanding, before completing the statement. Johnson then stated for the record that he had not been threatened or promised anything to make the statement.

Johnson, on the other hand, claims he made the incriminating statement only as a result of Detective Seliger's promise that if he cooperated, his mother would not have to go back to jail. To show inducement, Johnson relates that his mother was arrested, in his presence, the night prior to making the statement. Johnson knew she spent the night in jail. Knowing she had been in the hospital two weeks prior, he alleges he was afraid she might die in jail. Johnson also alleges he needed to get his mother out of jail so she could care for his younger brothers.

The evidence conflicts on whether or not an improper promise was made. Assuming, *arguendo*, that a promise was made, we turn to Johnson's argument that he should be granted a new trial pursuant to

*Hall v. State* (1971), 255 Ind. 606, 266 N.E. 2d 16. In *Hall* the confession was involuntary where it was induced by threats from police that if the defendant did not confess, his wife would also be charged and arrested and his small children would be handed over to others for care. We held that a confession, however truthful, encouraged through a threat to one's wife and family could not, as a matter of law, be considered free and voluntary. *Hall*, 255 Ind. at 611, 266 N.E.2d at 19. Johnson submits that just as Hall's confession was induced by a threat, his was induced by the alleged promise to get his mother out of jail.

Based on the difference in circumstances, *Hall* can be distinguished. In *Hall*, the State was threatening to charge and arrest the defendant's wife. Here, Johnson's mother was already arrested before police questioned Johnson and before Johnson made his statement. Moreover, there was a demonstrated legitimate basis for the arrest in the instant case, as Detective Seliger had an outstanding arrest warrant for Johnson's mother on an unrelated charge prior to arresting Johnson. *See Rogers v. State* (1982), Ind., 437 N.E.2d 957. Additionally, where a defendant initiates the discussion, it tends to weigh against a finding of coercion or undue influence. *Coppock v. State* (1985), Ind., 480 N.E.2d 941, 944. A relationship other than a spousal relationship is not as susceptible to coercion by threat or promise. *Id.* Likewise, an accused's expectation that his confession will gain his friend's release does not render his confession involuntary. *Bailey v. State* (1985), Ind., 473 N.E.2d 609, 610. The record reveals here that Johnson had run away from home 6 or 8 months prior and had not been in contact with his mother. Thus, *Hall* does not control the present case.

Detective Seliger testified he told Johnson he could make no promise about the mother's release because it was out of his authority. This supports a conclusion that, whatever misunderstanding Johnson may have derived from Detective Seliger's remarks, it was unambiguously dispelled before Johnson concluded the statement.

*Neal v. State* (1983), Ind., 447 N.E.2d 601, 604.

More importantly, Detective Seliger's representations were too vague and indefinite to constitute an improper inducement. *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188; *Ward v. State* (1980), Ind. App., 408 N.E.2d 140. We have held a confession was voluntary in spite of a detective's statement that if the accused would confess, he would "see what he could do" and that he "could probably talk to the prosecutor and make a deal." *Ortiz,* 265 Ind. at 555, 356 N.E.2d at 1192. These statements were so vague and indefinite that they did not constitute an inducement sufficient to render the confession involuntary. *Id.* Further, an officer's promise to "help in every way he could" is also too vague and indefinite to constitute the type of inducement that renders a confession involuntary. *Ward,* 408 N.E.2d at 143. An interrogating officer's statement that the defendant might be sent to adult prison instead of a boy's school if he did not confess and that "his cooperation might help in assisting him" did not vitiate the defendant's confession where the officer did not promise defendant that his cooperation would guarantee leniency or assure him that he would not be waived into adult court if he confessed. *Love v. State* (1980), 272 Ind. 672, 676, 400 N.E.2d 1371, 1373–74. Detective Seliger's remarks are similar to those in *Ortiz, Ward,* and *Love.* Thus, they do not amount to specific threats or promises of the kind prohibited.

Detective Seliger testified he told Johnson he would do what was in his power to see that Johnson's mother was released should Johnson continue to cooperate in the investigation. On two occasions Seliger told Johnson he could not promise him as it was not in his (Seliger's) power—it was up to the judge. The State asserts that Officer Seliger's statement was not sufficient inducement to render the statement involuntary. The trial court, as the finder of fact, agreed with this interpretation. As an appellate court we do not weigh the evidence nor consider the credibility of the witnesses where there is a finding of fact supported by substantial evidence by the trial court. The trial court reasonably concluded that Johnson's confession was voluntarily made.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result.