Kevin PEARSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8606–CR–593.

Supreme Court of Indiana.

April 26, 1989.

Robert Canada, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant being found guilty of Attempted Robbery, a Class B felony, for which he received a sentence of twenty (20) years, and Murder, for which he received a sentence of sixty (60) years, the sentences to run concurrently.

The facts are: On October 31, 1984, Estella Moorman, who was the owner/operator of Cicero's Liquor Store in Evansville, was shot and killed during an attempted robbery.

During the execution of an unrelated search warrant, police found a 9mm handgun which they believed to be the murder weapon. The gun was traced to Ronald Williams who told police he had purchased the gun from Kevin Pearson, appellant in this case. A detective who had known appellant for several years went to his home and told him they would like to talk to him about the possibility that he had sold a handgun to Williams. He was told that he was not under arrest and that after talking to police officers he would be returned to his home. He then accompanied Detective Earl Chapman to police headquarters.

Chapman had first testified that he did not give appellant his *Miranda* warnings at that time. However, when presented with a copy of a *Miranda* warning form signed by appellant and by Chapman, he said that this refreshed his recollection and that he did in fact give appellant his *Miranda* warnings at the time he brought him into the police station. However, Chapman was adamant in his contention that appellant did not ask to talk with a lawyer at that time. Appellant denied that he sold a handgun to Williams and denied any knowledge of the handgun. He was then returned to his home.

Two days later, on December 6, 1984, appellant was arrested for an unrelated bank robbery. In the meantime, the police had come to believe that Williams was not guilty of the Moorman murder and that appellant was a suspect. He was therefore reminded of the *Miranda* warnings he had been given two days before and asked if he remembered them, to which he answered in the affirmative. He was then questioned concerning the Moorman murder.

After about one-half hour of interrogation and denial, appellant admitted that he did in fact commit the Moorman attempted robbery and shooting, and he agreed to take police to the location where he had discarded his disguise. Police however did not find the discarded disguise when Pearson took them to the location. However, after further investigation, Betty McCoy and Ken Walder testified that they owned the property where appellant had taken police and shortly after the crime in question, they found a jacket, tennis shoes, and safety glasses near a tree on their property. These items matched the description of the articles worn by the perpetrator of the attempted robbery and murder.

Williams testified that on Thanksgiving morning of 1984 (which was after the shooting of Moorman) appellant asked him about the gun and told him not to mention

it to anyone because Mrs. Moorman had been killed with a 9mm handgun.

Appellant claims the trial court erred in admitting his confession into evidence. He claims that he invoked his right to counsel at the questioning on December 4, 1984 and therefore the questioning that led to the confession given on December 6, 1984 was initiated by the police after he had requested counsel; therefore it was in violation of *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and *Edwards v. Arizona* (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378.

At the time of the questioning on December 4, appellant was not a suspect in the murder. The suspect at that time was Williams who had told police he purchased the handgun from appellant. At that time, the police were only interested in verifying that statement by Williams to attempt to ascertain the time of the purchase. Although at the hearing to suppress, appellant testified that he had asked for an attorney on December 4, police officers denied that such a request had been made. Appellant argues that Officer Chapman's testimony should not be believed in this regard because he was confused as to whether he had given appellant *Miranda* warnings when he was picked up on December 4. However, this matter was submitted to the trial judge for weighing and determination.

Appellant claims this Court should weigh that evidence and make that determination; he is in error, however, in this regard. The State had the burden to prove beyond a reasonable doubt that appellant voluntarily and intelligently waived his rights and that his confession was given voluntarily. *Johnson v. State* (1987), Ind., 513 N.E.2d 650. The trial court has the responsibility to determine the credibility of the witnesses and to resolve the admissibility of the confession. This Court will not override the trial court when there is conflicting evidence on this issue. *Id.* at 651. *See also Sons v. State* (1987), Ind., 502 N.E.2d 1331.

Even if we assume for the sake of argument that appellant did in fact ask for an attorney on December 4, he was not under arrest, was not a suspect in the murder, and when he denied any knowledge of the murder weapon, he was taken back to his home. It was not until two days later, after further investigation by the police, that appellant became a suspect. At that time, he was given his *Miranda* warnings before being interrogated concerning the murder. *Miranda* warnings and the *Miranda* procedures do not apply outside the context of custodial interrogation. *Zook v. State* (1987), Ind., 513 N.E.2d 1217; *Johansen v. State* (1986), Ind., 499 N.E.2d 1128.

On December 4, appellant was not questioned concerning his personal implication in the crime nor did he make any statements regarding the same. It was not until December 6 that he was taken into custody and questioned concerning the instant crime. After receiving his *Miranda* warnings, there is no indication that he asked for an attorney prior to giving his incriminating statement. We therefore hold the trial court did not err in admitting appellant's statement into evidence.

Appellant concedes that this Court stated in *Lindsey v. State* (1985), Ind., 485 N.E.2d 102, 105 that "[w]hen a defendant is arrested, released, and then arrested on a different charge, *Edwards* is not controlling." However, appellant contends *Lindsey* was improperly decided and should be overruled. However, we believe the above statement is a correct analysis of the law.

In the State's brief, there is an observation that nothing in the record indicates the trial court gave its reasons for enhancing appellant's sentence on attempted robbery. This brief was filed on May 9, 1988. However, on July 13, 1988, this Court was furnished with a certified copy of a *nunc pro tunc* order entered by the trial court, the memorandum for which was the minute sheet of the court of January 3, 1986, which the trial court states was inadvertently omitted from the order book at that time. The *nunc pro tunc* order clearly shows that the court gave extensive reasons for giving an enhanced sentence which included the juvenile and criminal record of appellant and the fact that he

was free on bond on a charge of burglary, a Class C felony, at the time the offense involved in this appeal was committed. In view of this *nunc pro tunc* entry, we see no reason to remand this case to the trial court.

The trial court is affirmed.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., not participating.