Jerry A. **RAINEY**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 82A01–9001–CR–15.

Court of Appeals of Indiana,
First District.

Aug. 6, 1990.

Terry A. White, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Jerry A. Rainey appeals his convictions of burglary, and theft, Class B and D felonies respectively, and the finding that he is an habitual offender.

We affirm.

I.

Rainey contests the admissibility of statements made by him to the police. He maintains these statements were involuntarily extracted by police intimidation. Rainey contends that in addition to the apprehension he felt for his own safety, the police officers also threatened to charge his pregnant girlfriend if he did not confess and refused to provide him with an attorney though he requested counsel three times.

Without dispute, at least one police officer struck Rainey about the legs and Rainey's face was bruised in the course of his arrest, before Rainey was taken to the jail and made any statements implicating himself in the present offenses. The first question before us is therefore whether the actions of the police in effectuating Rainey's arrest were causally related to his confession. We examine the totality of circumstances surrounding the arrest and interrogation to determine whether Rai-

ney's free will was overborne. *Carter v. State* (1986), Ind., 490 N.E.2d 288, 291 citing *Frazier v. Cupp* (1968), 394 U.S. 731, 739, 89 S.Ct. 1420, 1424, 22 L.Ed.2d 684. The trial court's determination that the statements were freely made will not be disturbed if it is supported in the record by substantial evidence of probative value, even though the evidence of record is conflicting. *Johnson v. State* (1987), Ind., 513 N.E.2d 650, 651. The State bears the burden of proving beyond a reasonable doubt that a confession was voluntarily given. *Heald v. State* (1986), Ind., 492 N.E.2d 671, 677.

Evansville police officers sought Rainey on the afternoon of March 1, 1989 in connection with the battery of a police officer. Rainey had resisted arrest for a traffic violation and critically injured a female officer. Officer Winters, who effectuated the arrest, testified that Rainey again resisted arrest, kicked, and became combative when the officers tried to cuff him. According to Officer Winters, Rainey sustained injury when Officer Erk tried to knock Rainey's leg away with his nightstick. Rainey had already been placed in a squad car when Detective Chapman arrived.

Detective Chapman interrogated Rainey at about 3:51 p.m. At that time, Rainey's companion at the time of arrest, Beach, had not yet implicated Rainey in the burglary and theft which are the subject of this appeal. At about 8:00 p.m., Officer Bequette of the Vanderburgh County sheriff's department went to Rainey's cell and asked Rainey if he would discuss the burglary. Rainey had coins on his person when he was booked into jail which Beach, subsequent to the afternoon questioning of Rainey, indicated had come from a burglary on Old Henderson Road. Officer Bequette met with Rainey a third time, on March 3, at Rainey's request. Rainey was arraigned on March 2 for the battery and resisting arrest charges and met with an attorney.

The officers reported that Rainey was advised of his *Miranda* rights and executed a waiver of rights form each time he

was questioned. He agreed to talk with them, did not cut off questioning or ask for an attorney and never complained of mistreatment. He did not request medical care, though he complained of physical discomfort, until after the third statement on March 3.

Although Rainey maintains that he was induced to confess by the threat or fear of further violence, several factors militate against that conclusion. Notably, the police officers did not learn of Rainey's involvement in the burglary which is the subject of this appeal until after Rainey gave his first statement and the officers had talked to his confederate. Indeed, the officer investigating the burglary was from another police department altogether and was not present for any of the earlier proceedings. Rainey knew the officer was with another department before he agreed to talk. Thus, the force used upon him, whether an actual beating or necessary to accomplish his arrest, could not have been intended nor could Rainey have reasonably believed that it was intended to coerce him into confession of another crime.

Rainey makes no claim of any violence during his detention. His failure to utilize counsel on March 2 to obtain protection and his unsolicited request to speak with Officer Bequette dispel the notion that he feared further injury. Likewise, though the record shows Rainey was in pain, it does not disclose that his pain was so great as to affect his ability to give a voluntary confession. Lastly, although Rainey appeared nervous and scared, the record does not indicate that his emotional state was any different than that of other criminal defendants in police custody.

Certainly, the record substantiates Rainey's assertion that emotions were running high when Rainey was arrested. Even so, the trial court was justified, based upon an examination of all the circumstances, in determining that Rainey's confrontation with the police at the time of his arrest did not result in the making of statements by Rainey against his will. *Cf. Willis v. State* (1987), Ind., 510 N.E.2d 1354, *cert. denied*

484 U.S. 1015, 108 S.Ct. 721, 98 L.Ed.2d 670.

Rainey's claims that the officers denied him the opportunity to speak with an attorney and threatened his girlfriend with prosecution are directly refuted by the testimony of the officer. On appeal, we do not reassess conflicting evidence. *Johnson v. State* (1987), Ind., 513 N.E.2d 650, 651.

## II.

Rainey next contends he should have been granted a mistrial when Officer Winters testified that he and his partner identified Rainey from a picture that had been put out on a "BOL." "BOL" is an acronym for "be on the lookout for." Rainey argues that this testimony impermissibly suggested to the jury that he had been involved in other criminal activity.

■ True, evidence of unrelated criminal activity is inadmissible as evidence of guilt. *Storey v. State* (1990), Ind., 552 N.E.2d 477, 481. But, where the defendant's involvement in other criminal offenses is revealed, reversal is not warranted unless the defendant has been subjected to grave peril or the testimony has been deliberately elicited in an attempt to prejudice the defendant. *Coleman v. State* (1986), Ind., 490 N.E.2d 325, 328.

■ We find nothing in Officer Winter's testimony or the record as a whole which relates the "BOL" reference to a particular crime. No evidence of the battery of the female officer had been introduced by either party at that point in the trial and none was offered thereafter, even though defense counsel twice succeeded in suggesting to the jury without any explanation from the State that the officers "beat the crap out of [Rainey]."

Rainey maintains that the jury could infer his involvement in other crimes from the "BOL" reference because the jury had already been told that the officers did not connect Rainey with the charged burglary until he and his companion were in custody. The inference Rainey argues placed him in grave peril, that he was wanted for some crime other than the charged burglary,

could have been drawn by the jury anyway from the fact of arrest which was properly before the jury. Officer Winters testified that when he arrested Rainey, Rainey had on his person coins later determined to have been taken from the Old Henderson Road residence.

Finally, we observe that while no admonition was given, none was requested by Rainey. An admonition would have been an adequate curative under the circumstances. *Cf. Clifton v. State* (1986), Ind., 499 N.E.2d 256. We find no abuse of discretion in denying Rainey's motion for mistrial.

### III.

Rainey's next allegation of error concerns the granting of the State's motion to amend the habitual offender charge the day of trial to reflect that Rainey was convicted and sentenced on December 21, 1984 under cause number 4557 instead of 4554. Rainey also challenges two other amendments: the deletion of various items from the theft charge which is the subject of this action and the deletion of the reference to a second theft conviction in corrected cause number 4557 of the habitual offender count.

■ IND. CODE 35–34–1–5(a)(9) allows the amendment of any immaterial defect which does not prejudice the substantial rights of the defendant. However, an information may not be amended to change the theory of the case or the identity of the offense charged. If a defense under the original information would be equally available after the amendment is made and the accused's evidence would be equally applicable to the information in one form as in the other, the amendment is one of form and not substance. An amendment is of substance only if it is essential to the making of a valid charge of the crime. *Sharp v. State* (1989), Ind., 534 N.E.2d 708, 714.

■ The original habitual offender information alleged three felony convictions under two cause numbers. Rainey knew from the original habitual offender information that the State intended to prove he had been convicted of the felonies of theft and carrying a handgun without a permit in the Vanderburgh Circuit Court on December 7, 1984. The change in cause numbers did not alter the status of the crime charged; the information still alleged Rainey was an habitual offender by virtue of having been convicted of and sentenced on two prior unrelated felonies. *Cf. Choate v. State* (1984), Ind., 462 N.E.2d 1037. The amendment was not essential to a valid charge but simply allowed the information to conform to the documentary evidence. In this respect, the change is similar to that permitted in *McNary v. State* (1987), Ind., 513 N.E.2d 181 where a typographical error in the date of the offense alleged in the habitual offender count was corrected to reflect the date alleged in the original charging information.

■ Rainey contends he was prejudiced by the amendment because he did not have an adequate opportunity to prepare a new defense. Rainey could have availed himself of the continuance provided by I.C. 35–34–1–5(d) but he chose to proceed with trial. Consequently, he cannot now complain that he did not have time to prepare. *Riley v. State* (1987), Ind., 506 N.E.2d 476.

■ The record does not disclose what was deleted from the theft information and Rainey has not supplemented the record to permit our review of the merits of his claim. In the absence of an adequate record, we must deem this contention waived. *Ferguson v. State* (1982), Ind., 438 N.E.2d 286. The record also reflects that the State's motion to amend the habitual offender count by deleting the theft conviction in cause number 4557 was denied but the State was permitted to withdraw the allegation. Rainey does not address the propriety of the State's withdrawal of the theft allegation. We note, however, that allegation of a third conviction is mere surplusage which is harmless to a defendant. *See Mears v. State* (1989), Ind., 533 N.E.2d 140.

### IV.

Rainey's next three allegations of error each concern the instructions and verdict

**1076**

forms used for the habitual offender charge. First, Rainey contends the court's instruction 14 is erroneous in two respects: 1) it does not state that the two prior felony convictions must be unrelated and 2) it does not adequately define the term "unrelated." We find no merit in either contention.

The trial court's final instruction 14 must be read in conjunction with instruction 12. Error in a particular instruction will not justify reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Jewell v. State* (1989), Ind., 539 N.E.2d 959, 961. Instruction 12 charged the jury that an habitual offender is an individual who, "having been found guilty of a felony, is shown to have been convicted and sentenced for two prior unrelated felonies. To convict the defendant the State must have proved at least two of the following convictions that are unrelated ..." Instruction 14 reads:

In order to be unrelated prior felonies, as that term is used in the habitual offender statute, the following sequence of events must occur: the person must commit, be convicted of and be sentenced for felony No. One; he must then commit, be convicted of and be sentenced for unrelated felony No. Two. Only if you are convinced beyond a reasonable doubt that the events occurred in this order can you find that the two prior felony convictions are unrelated.

Rainey maintains that I.C. 35–50–2–8 requires something more than the sequence described by the court in instruction 14 and the Indiana Supreme Court in *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339. *See also Caldwell v. State* (1988), Ind., 527 N.E.2d 711, 712. Though Rainey did not tender an instruction defining "unrelated," he nonetheless argues that the failure to completely define the term is fundamental error which precluded him from obtaining a fair trial.

Rainey's contention seems to be that the State must show the predicate felonies alleged are not part of the res gestae of each other. However, he has not provided us with a rationale whether based upon constitution, statute or common law for imposing such a broad construction. The purpose of the habitual offender statute is to penalize more severely those persons whom prior sanctions have failed to deter from committing felonies. *Prentice v. State* (1985), Ind., 474 N.E.2d 496, 503. We cannot discern how this legislative purpose would be better served by requiring the State to prove, in addition to sequentially distinct felony convictions and sentences, the absence of any connection whatsoever among the three crimes. The sequential interpretation adopted by the supreme court ensures that criminal offenders are afforded a reasonable opportunity to be rehabilitated by the criminal justice system. Punishment will be enhanced only when a person who has been given two distinct opportunities to reform persists in criminality and commits a third separate and unrelated *felony act* thereby proving himself incorrigible. *Graham v. State* (1982), Ind., 435 N.E.2d 560, 561.

The trial court's instructions correctly set forth the State's burden of proof on the habitual offender charge. There was no error in the giving of these instructions.

Rainey also alleges reversible error in the trial court's failure to provide a verdict form requiring a specific finding that the prior felonies are unrelated. Rainey objected to the form supplied by the court on this basis but also objected that the form called for a special verdict. The form allowed the jury to find either that the State had proved both predicate felonies as alleged or that Rainey was not an habitual offender.

The jury's function in an habitual offender proceeding is to determine whether the defendant is an habitual offender as defined by statute. *Hensley v. State* (1986), Ind., 497 N.E.2d 1053, 1057. The form provided by the court permitted the jury to perform this function properly. As we have already determined, the court's instructions fully explained the prerequisites for such a finding. *Cf. id.*

## V.

Lastly, Rainey complains that the trial court abused its discretion by curtailing his defense counsel's argument in the habitual offender phase. Rainey attempted to argue his contention that to find the prior felonies unrelated, the State needed to prove the second predicate felony was not a part of the res gestae of the first. Rainey suggests that the gun involved in the "carrying a gun without a permit" conviction could have been acquired during the earlier theft.

The scope of final argument is within the trial court's sound discretion. A conviction will not be reversed unless there has been a clear abuse of discretion resulting in some prejudice to the accused. *Hill v. State* (1988), Ind., 517 N.E.2d 784, 786. While it is generally proper for counsel to argue both the law and the facts during final argument, *Fassoth v. State* (1988), Ind., 525 N.E.2d 318, 324, the jury's right to determine the law has some limitations. The law applicable to sentencing is not to be determined by the jury. *Jones v. State* (1983), Ind., 449 N.E.2d 1060, 1066. Inasmuch as the habitual offender statute is a means of sentencing and does not require a determination of the law necessary to reach the verdict on the substantive offense, *Jones, id.,* the trial court did not abuse its discretion in preventing Rainey's counsel from arguing his interpretation of the habitual offender statute to the jury.

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.