105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin C. PEARSON, Petitioner-Appellant,
v.
Al C. PARKE, et al., Respondents-Appellees.
 No. 95-4054.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 6, 1996.*
Decided Dec. 10, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Kevin Pearson, a state prisoner, appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Pearson's petition was based on a claim of ineffective assistance of counsel. On appeal, Pearson focuses on the district court's conclusion that his counsel was not ineffective for failing to challenge his arrest and confession because the arrest satisfied the Fourth Amendment. The district court opinion, though brief, expressly notes that the court gave independent consideration to Pearson's claims. The opinion of the Court of Appeals of Indiana contains a detailed analysis of the issues, with which the district court expressly agreed.
 
 
 2
 Reading the district court's opinion and that of the Indiana Court of Appeals in tandem, Pearson's insistence that the district court failed to give thorough and substantive consideration to his ineffective assistance of counsel claim is not persuasive. Pearson's only argument to this court is that the district court did not consider all the issues he presented. We think that this renders Pearson's brief deficient according to Fed.R.App.P. 28; however, the state does not argue on this basis. Even considering the substantive issues raised before the district court, we affirm.
 
 
 3
 Pearson contends that his counsel was deficient in failing to challenge the suppression of his confession on the basis of no probable cause for his arrest. See Brown v. Illinois, 422 U.S. 590 (1975); Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Counsel was not deficient for failing to pursue a Fourth Amendment claim because there are no grounds to suggest that the arrest warrant was issued without the requisite probable cause.
 
 
 4
 The affidavit that was the basis for the arrest warrant was supported by statements of four different individuals who each personally identified Pearson as the bank robber. The Supreme Court has defined the probable cause test as a "practical, common sense decision" considering "all the circumstances set forth in the affidavit." Illinois v. Gates, 462 U.S. 213, 230-31 (1983). As the Court of Appeals of Indiana noted, "Pearson fails to distinguish between probable cause and reasonable doubt." Pearson v. State, No. 82A04-9207-PC-241, slip op. at 6 (Ind.App. May 6, 1993). Even if two of the four affiants were unreliable, as Pearson asserts, we think that personal identification of Pearson by two affiants was sufficient for the judge to find probable cause.
 
 
 5
 Pearson also asserts that the judge relied upon hearsay information provided by the affiants and that therefore a stricter standard in determining the credibility of the affiants was required pursuant to State v. M.R.D., 482 N.E.2d 306, 309 (Ind.App.1985). However, whether or not hearsay was relied upon is irrelevant. Hearsay evidence is entirely appropriate within the context of determining probable cause to issue an arrest warrant. In any event, the affiants provided statements of their own and of information within their own possession. Regardless of any hearsay testimony also given, each affiant personally identified Pearson as the robber seen in the bank surveillance video. Since counsel cannot be said to be ineffective for failing to raise a meritless claim, Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir.1993), Pearson's counsel cannot be ineffective for failing to challenge the search, seizure and arrest based on the affidavit of probable cause underlying the warrant.
 
 
 6
 Next Pearson contends that his counsel's choice to challenge the admissibility of the confession on the basis of Edwards v. Arizona, 451 U.S. 477 (1980), and not on the basis of involuntariness and police deprivation of the right to counsel at interrogation, constitutes constitutionally deficient legal counsel. Such a tactical decision by counsel, however, is exactly the type of trial strategy which is entitled to "highly deferential judicial scrutiny." Strickland v. Washington, 466 U.S. 668, 689 (1984). The Indiana Court of Appeals and the federal district court both concluded that this was a tactical decision. We agree.
 
 
 7
 Moreover, there is no merit to the argument that Pearson's confession was obtained by coercion or in violation of his allegedly asserted right to counsel. The Indiana Supreme Court, on Pearson's direct appeal, held that "there is no indication that [Pearson] asked for an attorney prior to giving his incriminating statement." Pearson v. State, 537 N.E.2d 25, 27 (Ind.1989). Therefore, not only was Pearson's counsel's performance not deficient as a matter of trial strategy, but the claim was meritless in any event.[1] Counsel cannot be said to be ineffective for failing to raise a meritless claim, Lilly, 988 F.2d at 786.
 
 
 8
 Finally, Pearson contends that the district court erred by stating that Pearson's Fourth Amendment issues were barred from consideration due to Stone v. Powell, 428 U.S. 465, 482 (1976). Pearson is exactly correct in pointing out that Kimmelman v. Morrison, 477 U.S. 365, 375 (1986), explained that the Stone v. Powell "restriction on federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment ineffective assistance of counsel arguments based on incompetent representation with respect to a Fourth Amendment issue." See also Holman v. Page, 95 F.3d 481, 489-90 (7th Cir.1996).
 
 
 9
 However, the plain language of the district court order is clear.[2] Pearson was not precluded from raising Fourth Amendment issues in support of his Sixth Amendment claim. Moreover, the Fourth Amendment issues argued by Pearson in support of his Sixth Amendment ineffective assistance of counsel claim were thoroughly addressed and resolved by the district court and the Indiana Court of Appeals. There is no suggestion in the record that Stone v. Powell was used to preclude consideration of Pearson's Fourth Amendment arguments within the context of his Sixth Amendment claim.
 
 
 10
 Pearson's claim fails to satisfy the performance and prejudice prongs of the Strickland test for ineffective assistance of counsel. Strickland, 466 U.S. at 687-88; see also Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). The denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 was proper and the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Pearson has supplied only conclusory statements, not corroborated by any evidence, in support of his version of the events of the interrogation and confession
 
 
 [2]
 "To the extent that this petitioner is now attempting to raise Fourth Amendment issues here, he is hard pressed to do so because of Stone v. Powell, 428 U.S. 465 (1976)." Pearson v. Parke, No. 3:95cv0283 AS, slip op. at 4, (N.D.Ind., October 19, 1995) (emphasis added)